**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

ROMAN ARKHIPOV,                          :

    Petitioner,                          :    CIVIL ACTION NO. 3:26-1576

    v.                          :    (JUDGE MANNION)

JESSICA SAGE, WARDEN OF          :
FCI LEWISBURG,

                             :

    Respondent.

## MEMORANDUM

Presently before the Court is Roman Arkhipov's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (**Doc. 1**). For the reasons stated herein, the petition will be **DENIED.**

### I.    BACKGROUND

Petitioner is a citizen and native of Russia. (Doc. 8-2 at 5). On November 11, 2019, Petitioner entered the United States at the John F. Kennedy International Airport in New York. *Id.* at 7. Petitioner entered on a nonimmigrant B2 Temporary Visitor for Pleasure/Tourism Visa, with authorization to remain in the United States until May 10, 2020. *Id.*, (Doc. 1-1). On May 11, 2020, Petitioner filed an I-589 application for asylum and for withholding of removal. (Doc. 8-2 at 5). On December 16, 2020, Petitioner

filed an I-765 application for employment authorization, which was approved on January 14, 2021. *Id.*

On July 29, 2024, Petitioner was arrested by the Philadelphia (Pennsylvania) Police Department. *Id.* Petitioner was charged with aggravated assault, in violation of 18 Pa.C.S. §2702(A)(1); robbery with the intent to inflict serious bodily injury, in violation of 18 Pa.C.S. §3701(A)(1)(i); theft by unlawful taking, in violation of 18 Pa.C.S. §3921(A); receiving stolen property, in violation of 18 Pa.C.S. §3925(A); simple assault, in violation of 18 Pa.C.S. §2701(A); and recklessly endangering another person, in violation of 18 Pa.C.S. §2705. *Id.* Due to a witness's failure to appear, the charges were subsequently withdrawn. *Id.*

On August 11, 2025, Philadelphia Enforcement and Removal Operations ("ERO"), Homeland Security Investigations, and U.S. Border Control conducted a targeted enforcement action. *Id.* at 6. At that time, officers observed an individual matching Petitioner's description exit the target residence and enter a black Toyota RAV4. *Id.* Agents approached the individual, and positively identified him as Petitioner. *Id.* Petitioner was taken into custody and charged as removable pursuant to Immigration and Nationality Act ("INA") §237(a)(1)(B). (Doc. 8-3 at 2). He was ordered to appear before an immigration judge on August 25, 2025. *Id.*

- 2 -

On August 20, 2025, Petitioner withdrew a request for custody redetermination. (Doc. 8-4). On September 3, 2025, Petitioner's counsel withdrew a second request for custody redetermination hearing. (Doc. 8-5). On September 15, 2025, petitioner received a bond hearing. (Doc. 8-6). After "full consideration of the evidence presented," Immigration Judge Dennis Ryan found that Petitioner was a danger to the community and denied bond. *Id.* Petitioner did not appeal Judge Ryan's determination. (Doc. 8 at 3).

On November 21, 2025, Judge Ryan found Petitioner to be removable pursuant to INA §237(a)(1)(B). (Doc. 8-7). Judge Ryan denied Petitioner asylum and withholding of removal, and ordered Petitioner removed to Russia. *Id.* Petitioner timely appealed Judge Ryan's removal decision on December 17, 2025. (Doc. 8-9).

On May 4, 2026, Petitioner was given a second bond hearing. (Doc. 8-10). "[A]fter full consideration of the evidence presented," Immigration Judge Jacob Addicott denied Petitioner's request for bond due to no change in circumstances. *Id.* Respondent claims that Petitioner did not appeal to the BIA from Judge Addicott's bond determination. (Doc. 8 at 4).

On May 8, 2026, Petitioner's case appeal was returned to Petitioner because it lacked proof of service. (Doc. 8-12). On June 9, 2026, Petitioner filed the instant petition. (Doc. 1). Respondent filed a response to the petition

on June 24, 2026. (Doc. 8). On July 9, 2026, Petitioner filed a traverse to Respondent's response. (Doc. 9). This matter is now ripe for disposition.

## II.    DISCUSSION

Petitioner challenges the legality of his ongoing detention by contending that, *inter alia*, his first bond hearing wrongfully concluded that Petitioner is a danger to the community based on charges which were subsequently withdrawn. (Doc. 1, ¶10). Petitioner also alleges that his second bond hearing experienced a technical malfunction, resulting in the hearing ending early. (Doc. 9 at 1-2). Upon review of the petition, the Court holds that Petitioner is asking it to review matters beyond the scope of its jurisdiction. Accordingly, the petition must be denied.

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3). However, the Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252.

The jurisdictional issue arises under §1252(b)(9). §1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United

States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). This statutory provision "strips the District Court of jurisdiction" for certain legal challenges. *Zhumaev v. Oddo*, 3:26-CV-736, 2026 WL 1618488 at *2 (W.D.Pa. June 5, 2026) (quoting *Khalil* v. *President, United States*, 164 F.4th 259, 273 (3d Cir. 2026) (applying §1252(b)(9) to conclude that legal challenges to both removal and detention pending removal proceedings "arise from" that action or proceeding and are inextricably linked to it such that these challenges may be reviewed meaningfully on a petition for review).

Petitioner was detained pursuant to 8 U.S.C. §1226(a). (Doc. 8 at 2). §1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). Where an alien is detained under §1226(a), they are entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527, *supra*; *see also Borbot v. Warden Hudson County Correctional Facility*,

906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

Here, Petitioner was given a bond hearing in September of 2025. (Doc. 8-6). He was denied release after Judge Ryan determined that he was a danger to the community. *Id.* Additionally, on May 4, 2026, Petitioner was given a second bond hearing. (Doc. 8-10). Though Petitioner argues that the second hearing was cut off after a technical malfunction, (Doc. 9 at 2), Judge Addicott denied bond after "full consideration of the evidence presented," because there was no change in circumstances. *Id.* These determinations are appealable to the Board of Immigration Appeals ("BIA"). 8 C.F.R. §§1003.1(b)(7), 1003.19(f). The record is devoid of any evidence to suggest that Petitioner pursued an appeal for either bond hearing. Additionally, even if the second bond hearing was cut off due to technical difficulties, Petitioner nonetheless received a full bond hearing previously.

Because the petition seeks judicial review of questions of law and fact "inextricably linked to and arising from an action taken or proceeding brought to remove Petitioner from the United States" this Court is precluded from adjudicating such issues. *Zhumaev*, 2026 WL 1618488, at *2; 8 U.S.C. §1252(b)(9). Therefore, the petition must be denied.

- 7 -

## III.    CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241, (**Doc. 1**), will be **DENIED**. An appropriate order shall follow.

_____
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 7/14/26

26-1576-01